IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT CONNOLLY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden, et al.,<br><br>    Respondents. | No. C 08-4517 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; DISMISSING IMPROPER RESPONDENTS** |

    On September 26, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board").[1]  Petitioner has paid the filing fee.

### BACKGROUND

    In 1983, in the Superior Court of Monterey County, petitioner pleaded guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison. On October 23, 2006, the Board, for the seventh time, found petitioner unsuitable for parole. On July 30, 2008, the California Supreme Court denied petitioner's state habeas corpus petition

---

[1] Petitioner names as respondents Correctional Training Facility Warden Ben Curry, Governor Arnold Schwarzenegger and the Board. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Section 2254 Cases, Rule 2. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes. As Warden Curry is the only proper respondent named herein, both Governor Schwarzenegger and the Board will be dismissed as respondents to this action.

challenging the Board's decision.

## DISCUSSION

A.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, the Board relied solely on the twenty-three year old commitment offense to justify the denial of parole, and the denial of parole violated the terms of petitioner's plea agreement. Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Respondents Governor Arnold Schwarzenegger and the Board of Parole Hearings are hereby DISMISSED as respondents to this action.

2. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent Warden Ben Curry and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: March 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge

3