1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID SCOTT CONNOLLY, | ) | No. C 08-4517 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS;** |
| v. | ) | **DENYING CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
| BEN CURRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On October 26, 2008, petitioner, a California prisoner incarcerated at the Correctional

Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 decision by the

California Board of Parole Hearings ("Board") to deny petitioner parole.  Respondent filed

an answer to the petition, and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d

546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas

review of Board decisions denying parole to California state prisoners.  After the parties filed

supplemental briefs explaining their views of how the Hayward en banc decision applies to

the facts presented in the instant petition, the United States Supreme Court filed its opinion in

Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the

United States District Court

For the Northern District of California

1   constitutionally required standard of review applicable to petitioner's due process claim

2   herein.

3         For the reasons discussed below, the petition will be denied.

4                                **BACKGROUND**

5         In 1983, in the Superior Court of Monterey County ("Superior Court"), petitioner

6   pleaded guilty to second degree murder.  He was sentenced to a term of fifteen years

7   to life in state prison.  The conviction was affirmed on appeal; petitioner did not seek review

8   from the California Supreme Court.

9         Petitioner's seventh parole suitability hearing, which is the subject of the instant

10  petition, was held on October 23, 2006.  At the conclusion of the hearing, the Board, after

11  having reviewed the facts of the commitment offense, petitioner's social and criminal history,

12  his employment, educational and disciplinary history while incarcerated, and his mental

13  health reports, found petitioner was not yet suitable for parole and would pose an

14  unreasonable risk of danger to society or threat to public safety if released from prison.

15  (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Super. Ct. Pet.) Ex. A (Transcript

16  of Parole Board Hearing) at 47-53.)[1]

17        After he was denied parole, petitioner filed a habeas petition in the Superior Court,

18  challenging the Board's decision.  In a reasoned order filed December 4, 2007, the Superior

19  Court denied relief, finding the Board properly applied state parole statutes and regulations to

20  find petitioner unsuitable for parole, some evidence supported the Board's decision, and the

21  Board's decision not violate the terms of petitioner's plea agreement. (Answer Ex. 2.)

22  Petitioner next filed a habeas petition in the California Court of Appeal.  On May 29, 2008,

23  the Court of Appeal summarily denied the petition.  (Answer Ex. 5.)  Petitioner then filed a

24  habeas petition in the California Supreme Court; the petition was summarily denied on

25  August 1, 2008.  (Answer Ex. 6.)

26        Petitioner next filed the instant petition, in which he claims the Board did not provide

27  ───────────────

28         [1]Unless otherwise noted, all references herein to exhibits are to exhibits submitted by
    respondent in support of the Answer.

him with a hearing that met the requirements of federal due process.  In particular, petitioner claims the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense.  Additionally, petitioner claims the Board's denial of parole violates the terms of petitioner's plea agreement.

## DISCUSSION

A.    Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000).   Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole.  Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and the California Supreme Court summarily denied review of petitioner's claims.  The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d).  See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.    Petitioner's Claims

1.    Due Process

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by

1   statute.  In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time

2   served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of

3   the panel the prisoner will pose an unreasonable risk of danger to society if released from

4   prison."  Cal. Code Regs. tit. 15 ("CCR"), § 2402(a).  In making the determination as to

5   whether a prisoner is suitable for parole, the Board must consider various factors specified by

6   state statute and parole regulations.  In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR

7   § 2402(b)–(d).  When a state court reviews a Board's decision denying parole, the relevant

8   inquiry is whether "some evidence" supports the decision of the Board that the inmate poses

9   a current threat to public safety.  In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

10          As noted, petitioner claims the Board's decision to deny parole was not supported by

11   some evidence that petitioner at that time posed a danger to society if released, but, instead,

12   was based solely on the unchanging circumstances of the commitment offense.  Federal

13   habeas corpus relief is unavailable for an error of state law.  Swarthout v. Cooke, 131 S. Ct.

14   859, 861 (per curiam) (2011).  Under certain circumstances, however, state law may create a

15   liberty or property interest that is entitled to the protections of federal due process.  In

16   particular, while there is "no constitutional or inherent right of a convicted person to be

17   conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of

18   Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if

19   it uses mandatory language, may create a presumption that parole release will be granted

20   when, or unless, certain designated findings are made, and thereby give rise to a

21   constitutionally protected liberty interest.  See id. at 11-12.  The Ninth Circuit has determined

22   California law creates such a liberty interest in release on parole.  Cooke, 131 S. Ct. at 861-

23   62.

24          When a state creates a liberty interest, the Due Process Clause requires fair procedures

25   for its vindication, and federal courts will review the application of those constitutionally

26   required procedures.  Id. at 862.  In the context of parole, the procedures necessary to

27   vindicate such interest are minimal: a prisoner receives adequate process when "he [is]

28   allowed an opportunity to be heard and [is] provided a statement of the reasons why parole

United States District Court

For the Northern District of California

4

1   was denied." Id.  "The Constitution," [the Supreme Court has held], "does not require

2   more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th

3   Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole

4   receives an opportunity to be heard, a notification of the reasons as to denial of parole, and

5   access to their records in advance, that should be the beginning and end of the inquiry into

6   whether the inmate received due process.") (internal brackets, quotation and citation

7   omitted).

8       Here, the record shows petitioner received at least the process found by the Supreme

9   Court to be adequate in Cooke.  Specifically, the record shows the following: petitioner was

10  represented by counsel at the hearing (Ex. 1 Ex. A at 2:12-13); petitioner and his counsel had

11  access, in advance of the hearing, to the documents reviewed by the Board at the hearing (id.

12  at 5:26-6:3, 7:6-14); the Board read into the record a summary of the commitment offense

13  taken from petitioner's prior parole hearing (id. at 8:6-10:16); petitioner was provided the

14  opportunity to discuss the commitment offense with the Board, but declined to do so (id. at

15  7:22-25); the Board discussed with petitioner his personal background, his parole plans, his

16  achievements while incarcerated, and the mental health reports prepared for the hearing (id.

17  at 10:25-37:22); both petitioner and his counsel made statements advocating petitioner's

18  release (id. at 41:2-44:25); petitioner received a thorough explanation as to why the Board

19  denied parole (id. at 47-53).

20      Further, because California's "some evidence" rule is not a substantive federal

21  requirement, whether the Board's decision to deny parole was supported by some evidence of

22  petitioner's current dangerousness is not relevant to this Court's decision on the instant

23  petition for federal habeas corpus relief.  Cooke, 131 S. Ct. at 862-63.  The Supreme Court

24  has made clear that the only federal right at issue herein is procedural; consequently, "it is no

25  federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure

26  beyond what the Constitution demands) was correctly applied." Id. at 863.

27      Accordingly, habeas relief will be denied on this claim.

28      2.   Breach of Plea Agreement

United States District Court

For the Northern District of California

5

United States District Court

For the Northern District of California

1    Petitioner next claims the Board's determination that petitioner was not suitable for

2    parole violated the plea agreement petitioner entered in 1983 in connection with his guilty

3    plea.  Specifically, petitioner asserts that he reasonably believed that by pleading guilty to

4    second degree murder he would, absent his committing any subsequent offenses in prison, be

5    released at the minimum eligible parole date ("MEPD").  In support of his assertion,

6    petitioner cites California parole regulations that contain a matrix of suggested uniform base

7    terms that prisoners convicted of murder should serve before they are released on parole.  See

8    Cal. Code Regs. tit. 15, § 2403.  The base term is to be set solely on the basis of "the gravity

9    of the base crime, taking into account all of the circumstances of that crime."  Id. § 2403(a).

10   If, as in petitioner's case, the base offense is second degree murder, the matrix base term

11   ranges from a low of fifteen years to a high of twenty-one years, depending on the facts of

12   the crime.  See id. § 2403(c).  Petitioner, at the time the Board denied parole, had served

13   more than twenty-three years in prison.

14   Additionally, petitioner asserts that the Board's consideration of aggravating factors

15   that were not part of the plea agreement violated the due process principles established in

16   Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004),

17   and Cunningham v. California, 549 U.S. 270 (2007).

18   "[D]ue process rights conferred by the federal constitution allow [a defendant] to

19   enforce the terms of [his] plea agreement."  Brown v. Poole, 337 F. 3d 1155, 1159 ( 9th Cir.

20   2003).  "[W]hen a plea rests in any significant degree on a promise or agreement of the

21   prosecutor, so that it can be said to be a part of the inducement or consideration, such

22   promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262 (1971); see also

23   Brown, 337 F. 3d at 1159 (holding prosecutor's promise, that petitioner would be released on

24   parole after serving half of minimum sentence discipline-free, was binding).

25   It is clearly established federal law that the interpretation of state court plea

26   agreements, and all contractual obligations resulting therefrom, are generally matters of state

27   law.  See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir.  2006).  "Plea agreements are

28   contractual in nature and are measured by contract law standards."  Brown, 337 F. 3d at 1159

6

United States District Court

For the Northern District of California

1  (internal quotation and citation omitted).  California law requires that courts first look to the

2  plain meaning of the agreement's language.  See Buckley, 441 F.3d at 695 (citing Cal. Civ.

3  Code §§ 1638, 1644).  "Where it is clear from context what would reasonably have prompted

4  acceptance of the agreement, even in part, no further speculative factual inquiry is needed."

5  Brown, 337 F.3d at 1160.

6          In determining whether habeas relief is warranted, a district court must consider

7  whether the state court's decision denying relief was "consistent with a proper application of

8  state contract law in interpreting the plea agreement" and, if not, must find "the decision was

9  an 'unreasonable application of' clearly established federal law."  Davis v. Woodford, 446

10  F.3d 957, 962 (9th Cir. 2006).  Under California law, "[a] plea agreement violation claim

11  depends upon the actual terms of the agreement, not the subjective understanding of the

12  defendant . . . ."  In re Honesto, 130 Cal. App. 4th 81, 92 ( 2005).

13          Here, the Superior Court rejected petitioner's breach of plea claim as follows:

14      [P]etitioner's claim regarding the violation of his plea bargain also fails. The
       principles enunciated in Apprendi, Blakely and Cunningham relied on by
15      Petitioner are inapplicable to parole hearings.

16  (Ex. 2 at 5:22-24.)

17          Such determination was a reasonable application of established Supreme Court

18  precedent.  Specifically, Apprendi, Blakely and Cunningham concern a criminal defendant's

19  Sixth Amendment right to a jury trial when the sentence imposed by the trial court exceeds

20  the statutory maximum that may be imposed without additional findings of fact.  See

21  Cunningham, 549 U.S. at 274-75.

22          Further, petitioner has not pointed to any evidence that demonstrates a term of the plea

23  agreement was breached.  To the extent petitioner contends there was an agreement for his

24  release after he reached his MEPD, such claim fails because petitioner has provided no

25  evidence that his plea bargain included a promise that he would be released on parole after he

26  reached any specific number of years in custody.  Rather, the sentencing transcript clearly

27  reflects an indeterminate sentence of fifteen years to life on a second degree murder

28  conviction.  (Answer Ex. 1 Ex. F at 5:7-6:12.)

7

**United States District Court**
For the Northern District of California

1   Similarly, there is no documentary evidence in the record showing the plea agreement

2   included a promise that the Board would not consider aggravating factors that were not part

3   of the plea agreement.

4   Accordingly, for the foregoing reasons, the Court finds the state court's denial of

5   petitioner's claim did not result in a decision that was contrary to, or involved an

6   unreasonable application of, clearly established federal law, and was not based on an

7   unreasonable determination of the facts in light of the evidence presented in the state court

8   proceeding.  28 U.S.C. § 2254(d).

9   C.   Certificate of Appealability

10   A certificate of appealability will be denied with respect to the Court's denial of the

11   instant petition.  See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases

12   Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability

13   when entering final order adverse to petitioner).  Specifically, petitioner has failed to make a

14   substantial showing of the denial of a constitutional right, as he has not demonstrated that

15   reasonable jurists would find the Court's assessment of the constitutional claims debatable or

16   wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

17   **CONCLUSION**

18   For the reasons stated above, the Court orders as follows:

19   1.  The petition for a writ of habeas corpus is hereby DENIED.

20   2.  A certificate of appealability is hereby DENIED.

21   The Clerk shall enter judgment in favor of respondent and close the file.

22   IT IS SO ORDERED.

23   DATED: May 23, 2011

24   _____
     MAXINE M. CHESNEY
25   United States District Judge

26

27

28

8